■ In the Matter of the Claim of JANET ALEXANDER, Respondent. CHASE MANHATTAN BANK, N. A., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 17, 1976. Claimant, a unit teller supervisor, had worked at a branch of the Chase Manhattan Bank at Nostrand and King's Highway in Brooklyn for a period of eight and one-half years. Effective June 23, 1976 claimant was transferred to the Chase branch located at Nostrand Avenue and Empire Boulevard, a site approximately 15 blocks from her original place of employment. Claimant reported to work at her new location only two days, June 23 and 24, 1976, and thereafter resigned her position claiming that the transfer was to a high crime area, the branch having been held up on two occasions prior to her transfer, which rendered her fearful, anxious, apprehensive of bodily harm and ill. The board, affirming the referee, authorized unemployment benefits on the ground that claimant's resignation was motivated by such fear, anxiety and apprehension of bodily harm that it amounted to "good cause" within the meaning of section 593 of the Labor Law. We disagree. On June 30, 1976 claimant met with Mr. McKinney, an assistant treasurer at Chase, and stated that her unexplained absences from work after her second day at the new job were due to family pressures relating to her daughter and to the sale of her home. At this meeting no mention was made of fear or anxiety in connection with her work. While we agree that what constitutes good cause is a question of fact and within the province of the board to determine (*Matter of Wilensky [Catherwood]*, 33 AD2d 830), we also agree that a finding of good cause must be supported by substantial evidence (*Matter of Fontana [Levine]*, 53 AD2d 742). Herein, aside from the medical evidence which will be discussed below, the record is barren of any objective proof of any event or occurrence that reasonably could have provoked feelings of fear, anxiety or apprehension of bodily harm in claimant, particularly in a short period of two days. The case of *Matter of Aronson (Montefiore Hosp. & Med. Center—Levine)* (36 NY2d 891) does not support claimant's position. Therein, over a period of five months, the claimant, a young girl, was

physically assaulted on the subway on three separate occasions and became hysterical, irritable and morose for several months before leaving her employment. No such objective evidence is present here. Again, in *Matter of Buckley (Bethlehem Steel Corp.—Catherwood)* (31 NY2d 950), the court's finding of substantial evidence supportive of the board's award of benefits was premised on a finding of "apprehension of bodily harm" occasioned by very real evidence that physical harm would result if claimant crossed a picket line outside her place of employment, and, further, that union discipline would follow such a nonunion act. There is no proof in this record of any occurrence, other than a stranger spoke to claimant in Spanish outside the bank, that could reasonably be perceived as likely to provoke anxiety or fear or "apprehension of bodily harm" in claimant during the two days she reported to work. Claimant's fears, in the absence of any objective evidence from which such a mental condition might be inferred, must be regarded as speculative and cannot serve as foundation for a finding of good cause for terminating employment. Lastly, claimant's medical proof does not compel a contrary finding. Her doctor certified that claimant "was fit to return to her regular occupation on a full-time basis", warning only that she not do so "in an anxiety producing area". This medical evidence would be cumulative if it could be juxtaposed to objective proof of fear-producing events, but standing alone it cannot be regarded as evidence that the area of claimant's employment was dangerous to a degree sufficient to support the board's determination. Decision reversed, with costs against the Industrial Commissioner, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.